UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LASSEN MUNICIPAL UTILITY DISTRICT,<br><br>        Plaintiff,<br><br>   v.<br><br>KINROSS GOLD U.S.A. INC., LASSEN GOLD MINING, INC., and DOES 1-50,<br><br>        Defendants. | No.  2:11-cv-00255-MCE-CMK<br><br>**ORDER** |

On April 2, 2012, Plaintiff Lassen Municipal Utility District ("Plaintiff") moved for summary judgment against Defendants Kinross Gold U.S.A. Inc., and Lassen Gold Mining, Inc. ("Defendants")  in this matter. (ECF No. 27).  Said motion was taken under submission on July 11, 2012 after being fully briefed by both sides.  Presently before the Court is Defendants' Motion to Supplement Evidence in opposition to Plaintiff's aforementioned summary judgment request.  Through that Motion, filed on October 5, 2012, Defendants seek to offer into evidence a June 11, 2009 letter authored by Plaintiff's then General Manager, Ray Luhring.  Luhring's letter discusses the disputed utility line purchase that underlies this litigation.

///

According to Defendants, the letter demonstrates Plaintiffs' acknowledgment of the purchase, and its efforts to use the line, at a point nearly eighteen months after the line was sold by Defendants. Defendants urge the Court to consider the letter in deciding Plaintiff's motion for summary judgment.

The letter in question is addressed to members of the so-called Willow Creek Landowners Association, an informal group of property owners formed in order to obtain electric service to area homeowners. Mr. Luhring unequivocally advised the homeowners that Plaintiff had "concluded a Purchase and Sale Agreement for the existing de-energized 69 kV line previously owned by Lassen Gold Mining in December 2007." Defs.' Mot., Ex. A. The letter goes on to state that "the line was purchased… by the District for a total price of $65,000," and that "the District spent considerable funds to retain outside counsel to aid in this purchase process." Id. The letter then describes Plaintiff's subsequent efforts to complete the project, along with the cooperation of another utility company, Surprise Valley Electric, in helping to supply the desired power connections once the District concludes the process of amending the reclamation plan involved and obtaining necessary conditional use permits. Id.

Mr. Luhring's letter indicates it was copied on two other officials of Plaintiff, Harold Garner, Plaintiff's previous general counsel, and Dave Folce, Director of Electrical Operations. Defendants therefore reason Plaintiff should have retained the letter in three separate locations: the files not only of Mr. Luhring, but also of Mr. Garner and Mr. Folce. Nonetheless, Defendants' pre-lawsuit public records request failed to reveal a single copy of the letter. Nor was the letter produced in response to Defendants' post-filing requests for production of documents, which essentially reiterated that any responsive records had already been turned over by way of the Public Records Act request.[1]

---

[1] While Plaintiff suggests that Defendants may simply not have copied all the records made available to them in response to the Public Records Act request, Kinross Gold's General Counsel, Nathan Longnecker, states that he requested copies of all the records make available to him for inspection. Mr. Longnecker further indicates that the subject letter was neither made available for inspection nor produced. Decl. of Nathan Longnecker, Ex. B to Defs.' Reply, ¶¶ 5-6.

1 Although Plaintiff criticizes Defendants for not initiating written discovery sooner once its
2 lawsuit was instituted (the responses to the requests that were propounded were not due
3 until after Defendants' opposition to the pending summary judgment motion was due),
4 the responses that were made simply referred back to the documents furnished in the
5 course of the Public Records Act request.  Consequently, there is no indication that the
6 letter would have been produced even had discovery been commenced earlier.

7       According to Plaintiff, it was not until September 19, 2012, when the deposition of
8 Charles Hays, Surprise Valley's General Manager, was obtained that the letter finally
9 surfaced-- at a point more than two months following submission of the summary
10 judgment motion.[2]  Plaintiffs describe the letter as "smoking gun evidence" that Plaintiff
11 believed it had validly purchased the power line for some eighteen months after the
12 Purchase and Sales Agreement was executed.  Therefore, according to Defendants, the
13 letter is key in showing that Plaintiff, at the very least, had ratified the project and cannot
14 now claim that the sale is null and void because it was not properly authorized.

15       Neither side has identified any authority directly on point with respect to this
16 Court's ability to entertain later-discovered evidence while ruling on a submitted motion
17 for summary judgment.  The Court believes any decision in that regard is a matter
18 squarely within its discretion, and it concludes that the letter is relevant and that
19 Defendants, under the circumstances described above, were not dilatory in failing to
20 discover the letter sooner.  Moreover, as Defendants point out, the Court believes that
21 standards for obtaining relief from judgment under Federal Rule of Civil Procedure 59(a)
22 or 60(b)(2), on grounds of newly discovered evidence, are illustrative at the very least.
23 Newly discovered evidence may be considered in that instance if the evidence was in
24 existence but could not have been discovered through due diligence, and if the evidence
25 is of sufficient magnitude to change the disposition of the case.
26 ///

---

27       [2] Defendants have also produced independent evidence as to the letter's authenticity.  Van Thein,
28 one of the homeowners trying to obtain electricity service for his property, contacted defense counsel in September of 2012 and confirmed that he had also received the letter.  Defs.' Mot., Ex. D.

1  See, e.g., Jones v. Aero/Chem Corp., 921 F.2d 875, 878 (9th Cir. 1990).  The Court
2  finds that the June 11, 2009 letter qualifies under either alternative.
3      Defendants' Motion to Supplement Evidence in Opposition to Plaintiff's Motion for
4  Summary Judgment (ECF No. 82) is therefore GRANTED.[3]
5      IT IS SO ORDERED.
6  Dated: March 6, 2013

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT JUDGE

---

[3] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).