1

2

3

4

5

6

7

8

9                    UNITED STATES DISTRICT COURT

10                   EASTERN DISTRICT OF CALIFORNIA

11

12  LASSEN MUNICIPAL UTILITY          No.  2:11-cv-00255-MCE-CMK
    DISTRICT,

13              Plaintiff,

14         v.                          **MEMORANDUM AND ORDER**

15  KINROSS GOLD U.S.A. INC.,
    LASSEN GOLD MINING, INC., and
16  DOES 1-50,

17              Defendants.

18

19        Through the present action, Plaintiff Lassen Municipal Utility District

20  ("Plaintiff") sought to nullify its December 2007 purchase of the so-called Hayden Hill

21  69kv power transmission line ("the Line") in Lassen County, California.  According to

22  Plaintiff, its former General Manager, Frank Cady, lacked the requisite authority to

23  execute a sales contract for purchase of the Line from Defendants Kinross Gold, U.S.A.,

24  Inc. and Lassen Gold Mining, Inc. ("Defendants").  Plaintiff's lawsuit, which contained

25  causes of action for declaratory relief and restitution, was removed to this Court under

26  the auspices of its diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  Plaintiff now

27  ///

28

                                         1

moves for voluntary dismissal of its lawsuit pursuant to Federal Rule of Civil Procedure

41(a)(2).[1]  For the reasons set forth below, that Motion is GRANTED.[2]

**BACKGROUND**

Plaintiff's lawsuit was initially filed in state court on December 15, 2010, and

Defendants removed the matter to this Court on January 27, 2011.   On April 2, 2012,

Plaintiff moved for summary judgment on grounds that Frank Cady lacked the requisite

authority to bind Plaintiff to the Purchase and Sales Agreement ('PSA") at issue.  ECF

No. 27.  That Motion was denied by this Court's Memorandum and Order filed March 8,

2013 (ECF No. 93).[3]  Since that ruling, the trial in this matter was continued three times

on the Court's own motion because of its impacted caseload.  Then, on March 10, 2016,

about a month before the rescheduled April 11, 2016 trial date, Plaintiff filed the Motion

for Voluntary Dismissal now before the Court.   (ECF No. 113).   As a result of that

Motion, the Court vacated the April 11, 2016 trial pending its decision on the Motion to

Dismiss.  Defendants proceeded to oppose Plaintiff's Motion (ECF No.116), and Plaintiff

filed a Reply to that Opposition.  (ECF No. 117).

While Defendants do not ostensibly oppose Plaintiff's request that this lawsuit be

dismissed, they nonetheless request that various conditions be imposed by the Court as

a precondition for dismissal.  Defendants argue that they are prejudiced by Plaintiff's

decision to voluntarily dismiss the action on the eve of trial, and contend that permitting

dismissal at this juncture would deprive them of their ability to prevail on their affirmative

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise indicated.

[2] Having determined that oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs in accordance with Local Rule 230(g).

[3] Plaintiff alternatively requested summary adjudication as to certain affirmative defenses pled in Defendants' answer, including ratification, equitable estoppel and laches.  While Defendants did not oppose summary adjudication as to the laches defense, the motion was denied as to both ratification and estoppel.

1  defense of ratification.  Contrary to Plaintiff's assertion otherwise, that defense asserts

2  that Plaintiff had in fact ratified the purchase of the Line from Defendants.   Defendants

3  accordingly seek declaratory relief to that effect should Plaintiff's request for dismissal be

4  granted.[4]   Similarly, Defendants also ask that the Court order Plaintiff to  1) assume its

5  reclamation obligations under the PSA; 2) to post adequate security for those

6  obligations; and 3) to obtain its own Special Use Permit for reclamation activities.

7  Additionally, according to Defendants, they should be awarded attorney's fees,

8  both as a prevailing party both under the provisions of the PSA and in accordance with

9  California law and the provisions of the sales agreement, and pursuant to the Court's

10  inherent authority because Plaintiff's persistence in continuing to litigate this matter was

11  frivolous.

12

13  **STANDARD**

14

15  A district court should grant a motion for voluntary dismissal under Rule 41(a)(2)

16  unless a defendant can show that it will suffer some plain legal prejudice as a result.

17  Waller v. Fin. Corp. of Am., 828 F.2d 579, 583 (9th Cir. 1987); see also Hamilton v.

18  Firestone Tire & Rubber Co., 679 F.2d 143, 145-46 (9th Cir. 1982).

19  Rule 41(a)(2) provides:

20  Except as provided in paragraph (1) of this subdivision of this
   rule, an action shall not be dismissed at the plaintiff's
21  instance save upon order of the court and upon such terms
   and conditions as the court deems proper. If a counterclaim
22  has been pleaded by a defendant prior to the service upon
   the defendant of the plaintiff's motion to dismiss, the action
23  shall not be dismissed against the defendant's objection
   unless the counterclaim can remain pending for independent
24  adjudication by the court. Unless otherwise specified in the
   order, a dismissal under this paragraph is without prejudice.
25

26  ///

27  ---
[4] Defendants' Response to Plaintiff's Motion specifically requests that "as a condition of the
28  dismissal, this Court should find that [Plaintiff] ratified the PSA continuing "Plaintiff's] obligations under the
   PSA and require [Plaintiff']to comply with the terms of the PSA." ECF No. 116, 7:12-14

3

1    The Ninth Circuit has clarified that legal prejudice means "prejudice to some legal

2    interest, some legal claim, some legal argument." Smith v. Lenches, 263 F.3d 972, 976

3    (9th Cir. 2001) (quoting Westlands Water Dist. v. United States, 100 F.3d 94, 96 (9th Cir.

4    1996)).  In so holding, the Court further explained that "uncertainty because a dispute

5    remains unresolved" or because "the threat of future litigation . . . causes uncertainty"

6    does not result in plain legal prejudice. Id. at 976.  Moreover, plain legal prejudice does

7    not result merely because the defendant will be inconvenienced by having to defend in

8    another forum or where a plaintiff would gain a tactical advantage by that dismissal.

9    Hamilton, 679 F.2d at 145.

10    The decision to grant or deny a request to dismiss pursuant to Rule 41(a)(2) is a

11    matter subject to a district court's sound discretion.  Sams v. Beech Aircraft Corp.,

12    625 F.2d 273, 277 (9th Cir. 1980).  In exercising that discretion, "[a] district court should

13    grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show

14    that it will suffer some plain legal prejudice as a result." Smith v. Lenches, 263 F.3d 972,

15    975 (9th Cir. 2001) (citing Waller v. Fin. Corp. of Am., 828 F.2d 579, 583 (9th Cir. 1987).

16

17    **ANALYSIS**

18

19    As indicated above, Defendants first request that this Court condition any

20    dismissal of Plaintiff's complaint on the provision of several forms of affirmative relief,

21    including: (1) the enforcement of the PSA against Plaintiff as well as orders that Plaintiff

22    assume its reclamation obligations under the sales agreement; (2) that Plaintiff post

23    adequate security for those obligations; and (3) that Plaintiff obtain its own Special Use

24    Permit for reclamation activities.  Defendants argue that it will be prejudiced absent such

25    conditions and that accordingly any dismissal must be predicated upon them.

26    Defendants' request for affirmative relief ignores the fact that they have filed no

27    counterclaim during the more than five years that this matter has been pending.  As a

28    matter of law, no prejudice results from a dismissal where defendants "have not

4

1   counterclaimed or otherwise filed for affirmative relief."  Burnett v. Godshall,

2   828 F. Supp. 1439, 1443 (N.D. Cal. 1993); Roberts v. MacDonald, 967 F.2d 590 at *2

3   (9th Cir. 1992) (no prejudice where dismissal sought before any counterclaim is

4   pending).  The Court agrees with Plaintiff's observation that imposition of the declaratory

5   conditions advocated by Defendants would amount to Defendants "receiving a decision

6   on the merits with respect to declaratory relief claims it has never pursued and never

7   established."  Pl.'s Reply, ECF No. 117, 9:5-7.  Moreover, the Court rejects Defendants'

8   claim that dismissal of the present matter would foreclose Defendants' future right to

9   seek relief against Plaintiff for some potential future breach of the PSA.  Those issues

10  are different and would not be barred under res judicata principles if Plaintiff's own

11  lawsuit, which contends that Cady lacked authority to bind Plaintiff to the subject

12  purchase agreement, is dismissed with prejudice.  Significantly, too, the fact that Plaintiff

13  seeks to dismiss the action with prejudice means there is also no risk of future litigation

14  as to Plaintiff's claim, a factor which also obviates against any assertion that Defendants

15  would be prejudiced by the dismissal.[5]

16         While Defendants also request that dismissal of Plaintiff's action be predicated

17  upon Plaintiff's payment of the attorney's fees and costs incurred by Defendants in the

18  defense of this matter, that argument also fails.  In diversity cases like this one, the

19  availability of such fees and costs is governed by state law.  Kern Oil & Ref. Co. v.

20  Tenneco Oil Co., 792 F.2d 1380, 1388 (9th Cir. 1986).  For actions "on a contract,"

21  California Civil Code § 1717(b)(2) specifically states that there is no "prevailing party"

22  entitled to fees and costs when the action is voluntarily dismissed by the plaintiff.

23  Therefore, absent special circumstances, a voluntary dismissal entered at any stage of a

24  contract action, even shortly before trial, prevents an award of attorney's fees to the

25  other side.  Santisas v. Goodin, 17 Cal. 4th 599, 613 (1998).  It follows that Defendants

26

27         [5] Even were there a potential threat of litigation in the future, that is not enough to establish prejudice sufficient to preclude a voluntary dismissal.  Westlands Water Dist., v. United States, 100 F.3d at 96-97 (mere "threat of future litigation" does not suffice to establish prejudice).

28

cannot invoke California statutory law as a basis for any award of attorney's fees and costs here.[6]

Defendants' argument that the provisions of the PSA merit an award of attorney's fees is equally unavailing.   That argument is premised on paragraph 10(g) of the PSA, which states that the "prevailing party" is entitled to an award of attorney's fees and costs.  See Defs.' Response to Pl.'s Mot., ECF No. 116-1, Ex. A to Ex. 1 at ¶10(g).   The PSA further states, however, that the "Agreement shall be construed in accordance with and governed by the laws of the State of California."  Id. at ¶ 10(c).  As indicated above, California law is clear in providing that there is no such prevailing party when the action is voluntarily dismissed, as it has been here, by Plaintiff.  Cal. Civ. Code § 1717(b)(2).

**CONCLUSION**

For all the foregoing reasons, Plaintiff's Motion for Voluntary Dismissal is GRANTED.  The instant lawsuit is accordingly dismissed, with prejudice.  Since the action has now been concluded in its entirety, the Clerk of Court is directed to close the file.

IT IS SO ORDERED.

Dated:  July 12, 2016

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[6] Although Defendants appear to invoke a very limited exception permitting the Court to award, in its discretion, attorney's fees under extraordinary circumstances such as a finding that Plaintiff's lawsuit was entirely without merit, no such circumstances are present here.  The fact that Plaintiff did not prevail on its own summary judgment motion does not, as Defendants seem to argue, mean that Plaintiff's claims were patently meritless.  Similarly, the fact that Plaintiff moved to dismiss the action shortly before trial was scheduled to commence in not dispositive as to merit where trial of this case had already been continued three times over the previous two years due to the Court's impacted caseload.